IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00103-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERMAL DANIELS | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Defendant's motion to stay or equitably toll the one-year statute of limitations for filing a 28 U.S.C. § 2255 petition. (Doc. No. 446).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.[1]

---

[1] Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In his motion, Defendant states that he has filed a motion in the United States Court of Appeals for the Fourth Circuit to recall its mandate based on a new decision by the United States Supreme Court. (Doc. No. 446: Motion at 1). He seeks to toll the statute of limitations for filing a § 2255 petition until the appellate court rules on the motion. While the Fourth Circuit has not yet ruled on the issue of whether a district court has the authority to extend AEDPA's deadline for filing a motion to vacate prior to a motion to vacate being filed, the weight of authority of those courts of appeals that have considered this issue is that district courts do not possess such authority. See United States v. Callahan, 2003 WL 21554914 (5th Cir. July 9, 2003) (unpublished); United States v. Moore, 56 Fed. Appx. 686 (6th Cir. 2003)(unpublished); Washington v. United States, 221 F.3d 1354 (10th Cir. 2000)(unpublished); United States v. Leon, 203 F.3d 162 (2d Cir. 2000)(unpublished). This Court agrees with the above-referenced courts and holds that district courts lack jurisdiction to extend AEDPA's limitation period prior to a motion to vacate being filed because no case or controversy exists.

The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Sexton, No. 02-6273, slip op. at 1 (4th Cir. Feb. 28, 2003). Therefore, if Defendant files his § 2255 outside the one-year statute of limitations, he must state the reasons why the Court should still consider it.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to stay or equitably toll the statute of limitations is **DENIED**.

Signed: July 12, 2013

Robert J. Conrad, Jr.
United States District Judge