IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CR-00103-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| JERMAL DANIELS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon a motion by the defendant pro se to create a remedy pursuant to "2201 USC." (Doc. No. 504).

The defendant complains that he was injured when the Court applied a sentencing enhancement based on a prior state conviction, allegedly in violation of 21 U.S.C. § 851, resulting in a case or controversy to be remedied. Declaratory relief is a power of federal courts pursuant to 28 U.S.C. § 2201; however, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255. <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010).

Here, the defendant previously filed a motion under § 2255, (Case No. 3:14-cv-63), which is pending on appeal. He has not shown that he has been granted permission to file a second or successive § 2255 motion. Therefore, the Court is without jurisdiction to consider the instant motion. <u>United States v. Williams</u>, 621 F. App'x 212 (4th Cir. 2015) (district court lacked jurisdiction to consider § 2201 motion that was in substance a successive § 2255 motion).

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 504), is **DISMISSED**.

Signed: August 29, 2018

Robert J. Conrad, Jr.
United States District Judge